UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
ROBERT MARTIN ICKE and              )      No. 05-36938
RHONDA LOUISE ICKE,                )
                                                )
                        Debtors.         )

**O P I N I O N**

This case is before the Court on the Trustee's Objection to Debtors' Amended Claim of Exemptions and the Trustee's Motion to Compel Turnover. Specifically, the Trustee asserts that the Debtors, Robert Martin Icke and Rhonda Louise Icke, amended their claimed exemptions in bad faith after the Trustee discovered the existence of a federal tax refund not disclosed by the Debtors in their original bankruptcy petition. In his Motion to Compel Turnover, the Trustee seeks an order compelling the Debtors to turn over the non-exempt portion of the tax refund. For the reasons stated below, the Court concludes the Trustee has not presented clear and convincing evidence that the Debtors amended their exemptions in bad faith and denies the Trustee's Objection. Although it is unclear from the record what portion, if any, of the income tax refund is non-exempt, the Court grants the Trustee's Motion to Compel Turnover as to any non-exempt portion that may exist.

On October 16, 2005, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. §§ 101 *et seq.* On their original Schedule C, the Debtors claimed an exemption in the amount of $3,375 in a 1994 Ford F-150 under the wildcard exemption provided in 735 ILCS § 5/12-1001(b). The amount of the claimed exemption represents the full value of the Ford F-150 as set forth on the Debtors' Schedule B. The Debtors did not schedule any income tax refunds which they might receive for the year 2005.

The first meeting of creditors was held on January 30, 2006. Upon inquiry, the Trustee determined that the Debtors were entitled to receive a tax refund and requested copies of their 2005 tax returns. The tax return showed that the Debtors were entitled to receive a federal tax refund in

the amount of $5,320. On February 16, 2006, the Trustee demanded that the Debtors turn over the non-exempt portion of the tax refund, which he calculated to be $2,324.97.[1]

On May 3, 2006, the Debtors filed amended Schedules B and C. On the amended Schedule B, the Debtors added to their list of personal property the tax refund received in the amount of $5,320. On the amended Schedule C, the Debtors eliminated the previously claimed $3,375 exemption in the Ford F-150 and claimed $3,455 of the tax refund as exempt under their wildcard exemption.[2]

The Trustee filed an Objection to Debtors' Amended Claim of Exemptions, alleging the Debtors amended their schedules in bad faith only after the Trustee discovered the undisclosed tax refund. The Trustee asserts that additional evidence of bad faith is shown in the Debtors' continued use of the Ford F-150 for over six months post-petition. The Trustee also contemporaneously filed a Motion to Compel Turnover seeking an order compelling the Debtors to turn over the non-exempt portion of the tax refund. The Debtors did not file a written response to either of the Trustee's motions, but the Debtors' attorney appeared at the hearing on the motions held on May 30, 2006.

At the hearing, the Debtors' attorney asserted that an error on his part necessitated the change in the claimed exemptions. He stated that he mistakenly applied the wildcard exemption to the Ford F-150. He stated that there was no reason to use the exemption on the Ford F-150 because the

---

[1] The Trustee also states in his Objection and Motion to Compel that the "Debtors complied with said demand," apparently referring to the Trustee's demand that the Debtors turn over the $2,324.97. However, in the Motion to Compel Turnover, the Trustee prays for an order compelling the Debtors to turn over the sum of $2,324.97.

[2] After eliminating the exemption originally claimed for the Ford F-150, Robert had $1,752.50 remaining in his wildcard exemption, and Rhonda had $1,702 remaining in hers. The Debtors applied these combined amounts to exempt $3,455 of the tax refund on their amended Schedule C, leaving a balance of $1,865 that appears to be non-exempt. However, in his motions, the Trustee asserts that the Debtors are claiming the entire tax refund amount of $5,320 as exempt. The Debtors' tax return is not part of the record. Therefore, the Court is unable to calculate the non-exempt portion of the refund amount as a portion of the tax refund received by the Debtors may be exempt under another statutory basis because it is attributable to the Earned Income Tax Credit, the Additional Child Tax Credit or some other tax credit. *See In re Brockhouse*, 220 B.R. 623, 625 (Bankr. C.D. Ill. 1998); *see also In re Koch*, 299 B.R. 523, 527 (Bankr. C.D. Ill. 2003).

Debtors still owe over $13,000 on the vehicle, which is valued at approximately $3,300.[3] When he learned the amount of the tax refund, the attorney realized he could save the Debtors some money by applying the wildcard exemption to the tax refund instead of to the Ford F-150. He stated that the Debtors were not to blame for his error on the original schedules. The Court offered the parties an opportunity to set the matter for an evidentiary hearing, but the parties declined.[4]

Upon the filing of a bankruptcy petition, all property in which the debtor possesses a legal or equitable interest as of the commencement of the case becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *Matter of Kazi*, 985 F.2d 318, 320 (7th Cir. 1993). Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or unavailable to the bankruptcy estate because they are exempt from execution. *Matter of Yonikus*, 974 F.2d 901, 904 (7th Cir. 1992). Once the property becomes part of the bankruptcy estate, the debtor is allowed to claim as exempt certain property interests, and the trustee and creditors are given an opportunity to object to the claimed exemptions. *Kazi*, 985 F.2d at 320. The proper operation of the bankruptcy laws requires the debtor's full and honest disclosure. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002).

Bankruptcy Rule 1009(a) provides that Debtors have the right to amend their petition, lists, schedules, or statement of affairs as a matter of course at any time until the case is closed. FED. R. BANKR. P. 1009(a). As a general matter, under the wording of the rule, the bankruptcy court has no discretion to disallow the amended exemptions. However, under a judicially created exception, a court may deny amendment of the schedule of exemptions upon a showing that the debtor has acted in bad faith or concealed assets or if the amendment would prejudice creditors or third parties.

---

[3] Schedule D shows that Household Automotive Finance has a lien of $13,362 on the Ford F-150. The Debtors state the value of the Ford F-150 as $3,375, leaving $9,987 as the unsecured portion of Household's claim.

[4] Since the parties did not adduce any evidence in this case, the facts set forth above are taken from the relevant documents filed in the case, the Trustee's motions, and the statements of the Trustee and Debtors' attorney.

*Matter of Yonikus*, 996 F.2d 866, 872 (7th Cir. 1993)(citing *Matter of Doan*, 672 F.2d 831, 833 (11th Cir. 1982)). This exception exists because, "[i]f debtors could omit assets at will with the only penalty that they had to file an amended claim once caught, cheating would be altogether too attractive." *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985), *cert. denied*, 475 U.S. 1085, 106 S. Ct. 1466, 89 L. Ed.2d 722 (1986). Under the bad faith exception to liberal allowance of amendments, a debtor who fails to fully comply with the disclosure requirements imposed by the Code faces the penalty of having to forfeit the right to claim an exemption in the concealed property. *In re Robinson*, 292 B.R. 599, 609 (Bankr. S.D. Ohio 2003).

In the Seventh Circuit, bad faith and/or prejudice in the amendment of bankruptcy schedules must be shown by clear and convincing evidence. *Yonikus*, 996 F.2d at 872.[5] The burden of proof is on the party objecting to the amendment; an allegation of bad faith or prejudice, standing alone, is insufficient to prevent the amendment. *See id.*; In *re Baldwin*, 307 B.R. 251, 264 (M.D. Ala. 2004).

Although the parties did not present any evidence at the hearing, it appears that the relevant facts are undisputed. The Trustee does not challenge the legal sufficiency or legal basis of the exemptions themselves; instead, he suggests that the Debtors' failure to initially disclose the tax refund coupled with the timing of the amendment – after the Trustee had discovered the tax refund and after the Debtors had driven the Ford F-150 for over six months – indicate that the Debtors amended their claimed exemptions in bad faith.

Bad faith is determined by an examination of the "totality of the circumstances." *In re Kaelin*, 308 F.3d 885, 889 (8th Cir. 2002); *In re Clemmer*, 184 B.R. 935, 942 (Bankr. E.D. Tenn.

---

[5] Some other circuits use a preponderance of the evidence standard following the U.S. Supreme Court's decision in *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991). In *Grogan*, the Supreme Court ruled that a "preponderance of the evidence standard" applied to a non-dischargeability action under Section 523(a)(2) of the Code, thus leading to a potentially anomalous result: a court could allow an amended claim of exemption because the objecting party could not show a concealment by "clear and convincing evidence," but then later deny a discharge because the objecting party was able to prove concealment by a "preponderance of the evidence." *In re Arnold*, 252 B.R.778, 784-85 n. 10 (9th Cir. BAP 2000).

4

1995). Both pre-petition and post-petition conduct of the debtor should be considered. *Clemmer*, 184 B.R. at 942. Delay in claiming an exemption, of and by itself, does not constitute bad faith. *Arnold*, 252 B.R. at 786. A concealment of assets is the usual ground for a finding of bad faith. *Id.* at 785; *Robinson,* 292 B.R. at 609. The debtor's intent to conceal or defraud is a factual determination to be made by the bankruptcy court based upon the evidence presented at trial and may be inferred from the facts and circumstances of the case. *See Yonikus*, 996 F.2d at 872-73; *Matter of Reed*, 700 F.2d 986, 991 (5th Cir. 1983). A pattern of non-disclosure and non-cooperation with the trustee by the debtor may form the basis for a finding of bad faith concealment. *See Robinson*, 292 B.R. at 610. Additionally, a debtor's intentional and deliberate delay in amending an exemption for the purpose of gaining an economic or tactical advantage at the expense of creditors and the estate constitutes bad faith. *In re Kauffman*, 299 B.R. 641, 644 (Bankr. M.D. Fla. 2003); *In re Talmo*, 185 B.R. 637, 646 (Bankr. S.D. Fla. 1995).

As the Trustee is the party objecting to the amended schedules, the Trustee has the burden to establish bad faith by clear and convincing evidence. *See Yonikus*, 996 F.2d at 872. The circumstances relied upon by the Trustee to show bad faith are: (1) the Debtors did not disclose the existence of the tax return in their original Schedules; (2) the Debtors amended Schedule B only after the Trustee inquired about a tax refund at the 341 meeting; and (3) the Debtors drove the Ford F-150 for over six months post-petition. Notably, the Trustee does not allege or argue that the Debtors testified falsely at the 341 meeting or tried in any way to conceal the existence of the tax refund. He does not allege any difficulty in obtaining copies of the Debtors' 2005 tax return. By itself, merely claiming an exemption late is not bad faith. *Arnold*, 252 B.R. at 786. To constitute bad faith, there must be some form of deception or active concealment of an asset or an exemption of which the creditors/trustee have no knowledge and thus no opportunity to investigate. *McFatter*

*v. Cage*, 204 B.R. 503, 508 (S.D. Tex. 1996). According to the Trustee's motion, he determined that the Debtors were entitled to a tax refund at the 341 meeting. The Trustee does not allege or provide any evidence that the Debtors attempted to conceal the existence of the tax refund at the 341 meeting. Although the Court is permitted to infer the Debtors' bad faith from the surrounding facts and circumstances, the Trustee has not presented any evidence of deception from which the Court could infer an intent to conceal or deceive on the part of the Debtors.

Moreover, at the hearing on the Trustee's motion, the Debtors' attorney indicated that he was the one who made the mistake in allocating the exemption to the Ford F-150 and that the Debtors were not at fault. The Trustee does not dispute the attorney's assertion. The facts do not reveal any other indications of bad faith such as a pattern of non-disclosure or non-cooperation by the Debtors with the Trustee. Nor is there any indication that the Debtors obtained any type of economic or tactical advantage at the expense of creditors or the bankruptcy estate. Accordingly, the Trustee has not met his burden to present clear and convincing evidence that the Debtors amended their schedules in bad faith. *See Yonikus*, 974 F.2d at 872.

The other judicially created ground for denying a debtor's amended claim of exemptions is a finding by the court that the amendment prejudices creditors. *See Doan*, 672 F.2d at 833. Although the Trustee does not use the word "prejudice" in his argument, his assertion that the Debtors continued driving the car post-petition arguably raises the issue of prejudice. A finding of prejudice may be made where a party, such as the trustee or a creditor, has detrimentally relied upon the debtor's initial schedules, for example, where a trustee has engaged in efforts to sell certain property which the trustee would not have attempted to sell if the debtor had initially claimed such property as exempt. *In re Cudeyro,* 213 B.R. 910, 919 (Bankr. E.D. Pa. 1997). Likewise, it has been held that if a distribution of assets has already been made on the basis of exemptions previously

claimed, then it is unfairly prejudicial to creditors and too late to change exemptions. *See In re Shaffer*, 92 B.R. 632, 634 (Bankr. E.D. Pa. 1988). However, the fact that creditors will receive a lower distribution if a debtor's amended claim of exemptions is allowed, standing alone, does not constitute sufficient prejudice to deny a debtor the right to amend his or her schedules. *See McFatter,* 204 B.R. at 508.

Nothing in the record indicates that allowing the amendment in this case would cause any greater prejudice to the Trustee or third parties than would normally be associated with any claim of exemption. Simple delay in filing an amendment does not alone prejudice creditors. *Doan*, 672 F.2d at 833. Although the Trustee asserts that the Debtors have driven the Ford F-150 an additional six months post-petition, the Trustee has not established by clear and convincing evidence that this fact resulted in any actual prejudice to any party in interest in the case. First, although it is common knowledge that vehicles depreciate with use, the Trustee did not present any evidence regarding the amount of the depreciation in the Ford F-150 from the time of the 341 meeting until the Debtors amended their exemptions. *See In re Asbury*, 263 B.R. 839, 840 (Bankr. S.D. Ohio 2001) (holding that because the Trustee did not present evidence of the amount of depreciation between the 341 meeting and the date the debtor notified the Trustee of her intent to change her exemptions, the court could not find that any actual prejudice occurred). Second, there can be no prejudice because, according to Schedule D, there is no equity in the Ford F-150 for the Trustee to administer for the benefit of the creditors. Finally, there is no evidence that the Trustee has in any way detrimentally relied upon the Debtors' original schedules.

Based on the foregoing, the Court concludes that the Trustee's Objection to the Debtors' Amended Claim of Exemptions should be denied. The Court grants the Trustee's Motion to Compel as to the non-exempt portion, if any, of the tax refund.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

See written Order entered this day.

ENTERED: October 4, 2006

                                              /s/ William V. Altenberger
                                       UNITED STATES BANKRUPTCY JUDGE